**TRANSPORT INDEMNITY COMPANY, a corporation, et al., Plaintiffs,**

v.

**FINANCIAL TRUST COMPANY, a corporation; Financial Programs, Inc., a corporation, Defendants.**

**No. 71–2961–IH.**

United States District Court, C. D. California.

March 9, 1972.

(a) . . .

(c) . . . . "

Ball, Hunt, Hart, Brown & Baerwitz, by Clarence S. Hunt, Long Beach, Cal., for plaintiffs.

Overton, Lyman & Prince, by Wayne H. Knight and Brenton F. Goodrich, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION TO REMAND

IRVING HILL, District Judge.

Plaintiffs' motion to remand the action to the State Court was granted by Order filed January 31, 1972, after a hearing on January 24, 1972. This memorandum states the nature of the case and the Court's reasons for ordering the remand.

This case presents the Court with what appears to be a question of first impression: In a two-Defendant diversity case, does non-action on the part of

the first served Defendant (Defendant One herein) to remove within the thirty-day period provided by statute, bar a timely removal petition filed by another Defendant (Defendant Two herein) who was served more than thirty days after service on Defendant One, which removal petition is filed with the consent and concurrence of Defendant One?

The facts of the case may be simply stated. Plaintiffs sued the two named Defendants, both corporations, in the Superior Court of California. Both Defendant corporations are Colorado corporations having their principal place of business in Denver. Defendant Financial Programs, Inc. (hereinafter Defendant One) is the parent corporation. Defendant Financial Trust Company (hereinafter Defendant Two) is a wholly owned subsidiary of Defendant One. Both Defendants are represented by the same law firm in this litigation. Defendant One had had an authorized agent for the service of process in California for some time. The agent was one of the attorneys in the law firm representing Defendants. Defendant One was served by serving said attorney on October 7, 1971. Defendant Two at that time had no authorized agent for the service of process in this state. Thus, it was not served at the same time. After some correspondence and negotiations between the attorneys, the same local attorney was named by Defendant Two as the authorized agent for the service of process in California. Defendant Two was served by serving the attorney on November 16, 1971. Despite being fully aware of the presence of total diversity and the apparent right of removal of the action, Defendant One took no steps to remove the action within the thirty-day time limit of 28 U.S.C. § 1446(b). The petition to remove to this Court on grounds of diversity was filed by Defendant Two on December 15, 1971, within thirty days after it was served. Defendant One has given its consent and concurrence to the removal petition filed by Defendant Two.

It is necessary to investigate, as a threshold question, the nature of the thirty-day requirement of Section 1446(b). Professor Moore in his treatise, Federal Practice (hereinafter *Moore*), analyzes the thirty-day limitation in the following language:

"Removal proceedings are in the nature of process to bring the parties before the federal court; and mere modal or procedural defects are not jurisdictional. (citations) The limitation on the time for removal is not jurisdictional but is merely a formal and modal requirement which may be waived, or to which an objection may be precluded by estoppel. (citations) Under the prevailing view, a stipulation of the parties (citations) or an order of the state court (citations) extending the time to answer, move or otherwise plead does not extend the time for removal. The time is not subject to enlargement by the federal district court under Rule 6(b). (citations) Nor does Rule 6(e) enlarge the time for removal. (citations)" 1A Moore at 1245. Accord, 1 Barron & Holtzoff § 107.8, pp. 516, 517, 1969 pocket part p. 399.

It is my view based upon the above quotation and the cases which Professor Moore cites, that the thirty-day period may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent of the Plaintiff to extend the time for removal. See Green v. Zuck, 133 F.Supp. 436 (S.D.N.Y.1965); Dutton v. Moody, 104 F.Supp. 838 (S.D.N.Y.1952); Robinson v. La Chance, 209 F.Supp. 845 (D.C.N.C. 1962). However, certain conduct on the part of the Plaintiff, which conduct is sometimes referred to as "waiver" and sometimes referred to as "estoppel", does preclude the Plaintiff from objecting to a late removal petition. *See* Mackay v. Uinta Development Co., 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913); American Fire & Casualty Co. v. Finn, 314 U.S. 6, 71 S.Ct. 534, 95 L. Ed. 702 (1951); Green v. Zuck, *supra.*

This conduct of the Plaintiff is almost always post-removal conduct. *See* Green v. Zuck, *supra.* However, although no cases have been found, it could also conceivably be pre-removal conduct.

This type of conduct which has been held to preclude objection is discussed by Judge Mansfield in Maybruck v. Haim, 290 F.Supp. 721 (S.D.N.Y.1968):

> "To constitute a waiver or consent to the federal court's assumption of jurisdiction, however, there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial (citations) or the right to take depositions (citations) or has filed an amended complaint seeking further or different relief from the federal court. (citations)." 290 F.Supp. at 723, 724.

Note that all examples given are of post-removal conduct. See also Green v. Zuck, *supra*; Chevrier v. Metropolitan Opera Ass'n, 113 F.Supp. 109 (S.D.N.Y. 1953); Matter of Moore, 209 U.S. 490, 28 S.Ct. 585, 52 L.Ed. 904 (1907); Donahue v. Warner Bros. Pictures, Inc., 194 F.2d 6 (10th Cir. 1952).

I now progress to an examination of the post-removal conduct of Plaintiffs in the instant case to determine whether it constitutes "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness" to remand the case. I find that no such conduct has taken place. Plaintiffs filed their motion to remand principally within a week after the removal petition was filed. Plaintiffs have sought no relief from the Federal Court nor have they litigated any issue here except their petition to remand. To protect their position, they did file in this Court for a jury trial but in so doing they expressly stated that their request was not to be considered as a waiver of the right to object to the removal.

Defendants, in pressing a claim that Plaintiffs are estopped to object to their removal of the case, rely on a pre-removal stipulation between counsel. The stipulation was negotiated by telephone and is evidenced by two letters, one from Plaintiffs' counsel to Defendants' counsel dated November 3, 1971, and the other from Defendants' counsel to Plaintiffs' counsel dated November 15, 1971. The stipulation as embodied in these documents is the usual form of stipulation used in the State Courts whereby one counsel grants to his opponent an extension of time in which to "move, answer or otherwise respond." Such an extension was originally granted on November 3, 1971, to expire January 7, 1972. It was extended by the letter of November 15, 1971, to expire January 15, 1972. Neither letter makes any reference to a possible removal of the case to the Federal Court. Neither counsel claims to have mentioned a possible removal to the Federal Court in the telephone conversations which preceded both letters. Defendants' counsel nevertheless claim that they interpreted the stipulation to be an agreement by Plaintiffs' counsel that the latter would not object to a removal to the Federal Court if defense counsel later decided to remove the action.

██ I find that there was no such agreement by Plaintiffs' counsel and that neither the original stipulation nor the extension thereof could reasonably be interpreted as containing such an agreement.

As heretofore stated by Professor Moore, a stipulation merely to extend the time to move, answer or otherwise respond does not have the effect of authorizing or consenting to jurisdiction of the Federal Court under a later removal which was untimely filed.

One can imagine a case in which defense counsel, just prior to the end of the statutory thirty-day period, had made the determination to remove the case and, finding himself pressed for time, communicates that fact to Plain-

tiffs' counsel and obtains from Plaintiffs' counsel a specific agreement that the latter would not object to the removal petition on timeliness grounds if defense counsel was a few days late in filing it. That might well constitute a true estoppel because defense counsel has reasonably relied to his detriment on the representations of his opponent. But that is not the instant case. There was no such reliance. Any unilateral reliance by defense counsel was unreasonable.

This brings us to the first impression question stated earlier, namely, does Defendant One's non-action in failing to remove for more than the statutory thirty-day period effectively prevent Defendant Two from later removal within the thirty-day period after it has been served even if such removal is with the consent and concurrence of Defendant One.

Defendants argue that Defendant Two should not be penalized because it was served later. They argue that if Defendant Two had been served at the same time as Defendant One was served, Defendant Two would have had an opportunity to persuade Defendant One to concur in Defendant Two's desire to remove the case to the Federal Court. Because of the happenstance of late service on Defendant Two, they say Defendant Two has been deprived of that opportunity. Moreover, Defendants say that Defendant One's determination not to seek removal (assuming such a determination to have been initially made) should not be deemed irrevocable where Defendant Two, later served, convinces Defendant One that its original determination should be changed.

In viewing the statutory scheme for removal of diversity cases, there seem to be three key elements; all of which limit the privilege of removal. There is first, the requirement of total diversity (not involved in the instant case). Second, there is the requirement of unanimous action among all Defendants to accomplish a removal (or all of the served ones if some have not yet been served), and, third, there is the thirty-day time limitation.

I have tried to construe the statutes involved in a sensible and logical fashion and in a way as would effectuate what I believe to be the Congressional intent. If, as I have heretofore found, failure of a defendant to move for removal within the thirty-day period is equivalent to a decision not to remove, I conclude that such decision is irrevocable. To hold otherwise would have the effect of extending the thirty-day limitation as applied to that defendant for an indefinite period during which other defendants not originally served are found and served. If all defendants had been served at the same time, the decision of one not to remove would terminate the matter and preclude the possibility of removal. There is no valid reason for changing that result simply because they all were not served at the same time and another was served after the thirty-day period applicable to the first had expired. Professor Moore is in apparent accord with this conclusion. At 1A Moore, p. 1328, he says: "If the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . ."

There is, of course, an alternative ground for my decision in the instant case. Even if the reasoning contained in the preceding paragraph is in error, the result reached would nevertheless be fair and equitable under the peculiar facts of this case. In the instant case, the two Defendants are not independent of each other. To the contrary, they are closely related, being a parent corporation and its wholly-owned subsidiary, represented by the same counsel. On these facts, the doctrine of estoppel could and should be invoked against Defendants. The two corporations are in privity. When Defendant One failed to seek removal within the time limit, not only did it become barred from removing the case at a later time, but Defendant Two is similarly barred as being in privity with it.