**NICOLA PRODUCTS CORP., Plaintiff,**

v.

**SHOWART KITCHENS, INC. and Eugene H. Cohen, Defendants,**

**Nicolas Scarola, Additional Defendant on Counterclaims.**

**No. 88 CV 0508.**

United States District Court, E.D. New York.

March 31, 1988.

**172**

Kolodny & Bonomo, Manhasset, N.Y., for plaintiff; Clifford Geismar, of counsel.

Rosenman & Colin, New York City, for defendants; Marshall H. Fishman, of counsel.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Plaintiff moves to remand this case, which was previously removed to the Federal Court, back to the State Court pursuant to defendants' alleged noncompliance with the removal statute, 28 U.S.C. § 1446(b). The facts of the case are as follows. On December 16, 1987 plaintiff (a New York Corporation) commenced the above entitled action against defendants (New Jersey residents) in New York Supreme Court, Queens County, alleging breach of contract and misrepresentation and seeking damages totaling in excess of $3,000,000.

It appears that on or about January 12th, which was within 30 days of the action's commencement, Stephen Ritz, defendant's New Jersey counsel, agreed with plaintiff's counsel, Armand Kolodny, to extend defendant's time "to arrange for an Answer to [plaintiff's] Summons and Complaint ... until February 22, 1988." (Letter of Ritz to Kolodny, dated 1/12/88). Ritz "specifically believed" that the above agreement encompassed an extension of defendants' time to remove to federal court. (Ritz Affidavit, p. 2.) He also states that shortly thereafter, his understanding of the agreement was confirmed by Clifford Geismar, an attorney with Kolodny's firm, who allegedly told Ritz that all proceedings would be held in abeyance until February 22nd. Geismar contests this characterization of their conversation. At all events, the extension period was predicated upon both parties' desire to seek a resolution of the case through settlement negotiations.

The parties attended a settlement meeting on February 2, 1988 without result, whereupon defendants' current New York counsel was retained. After substituting counsel, defendants filed a removal petition in the state court dated February 17, 1988, pursuant to which this Court obtained jurisdiction over the case. Plaintiff now moves to remand the case back to New York State Court on the sole ground that defendants failed to comply with the requirement of 28 U.S.C. § 1446(b), that "[t]he petition for removal of a civil action ... shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based...." Defendants oppose the motion, and also seek costs.

*Discussion*

It is well established that § 1446(b)'s thirty day filing period, while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition. *Staples v. Joseph Morton Co., Inc.*, 444 F.Supp. 1312 (E.D.N.Y. 1978); *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Calif. 1972); *Dutton v. Moody*, 104 F.Supp. 838 (S.D.N.Y.1952). Moreover, this requirement has been interpreted strictly, for reasons of comity and the reluctance to interfere with a plaintiff's right to choose his

own forum. *See Hess v. Great Atlantic & Pacific Tea Co.*, 520 F.Supp. 373 (N.D.Ill. 1981); *People of State of N.Y. v. Muka*, 440 F.Supp. 33 (N.D.N.Y.1977). Accordingly, absent waiver or estoppel, the thirty day period cannot be extended by court order, stipulation of the parties, or otherwise. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir.1980); *Dial–In, Inc., v. The ARO Corp.*, 620 F.Supp. 27 (N.D.Ill.1985); *Dutton, supra.* In addition, where, as here, a motion to remand has been filed, the burden of persuasion remains upon the removing party, and any substantial doubts as to the propriety of the removal must be resolved against proponents of the federal forum. *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196 (D.R.I.1986).

■ In this case defendants argue that plaintiff, by virtue of its agreement to hold in "abeyance" all proceedings and extend defendants' time to respond to the complaint, should be estopped from now using § 1446(b)'s time limitation to defeat the removal. That is, defendants posit that they reasonably relied, to their detriment, on the representations of plaintiff's counsel.

However, the relevant case law persuades us otherwise. Specifically, there are two cases which deal with what constitutes the "reasonable" reliance necessary for an estoppel in the § 1446(b) context. The first is *Transport Indemnity Co.*, 339 F.Supp. at 408–09, wherein the court noted that

> One can imagine a case in which defense counsel, just prior to the end of the statutory thirty day period, had made the determination to remove the case and, finding himself pressed for time, communicates that fact to Plaintiff's counsel and obtains from Plaintiff's counsel a specific agreement that the latter would not object to the removal petition on timeliness grounds if defense counsel was a few days late in filing. That might well constitute a true estoppel because defense counsel has reasonably relied to his detriment on the representations of his opponent.

On facts virtually identical to our own, the court went on to find that a specific agreement regarding removal was lacking, and deemed any unilateral reliance by defendant unreasonable absent such agreement.

Similarly, in this case defendants have come forward with essentially two evidentiary facts: Ritz's letter confirming that defendants would have until February 22nd to answer plaintiff's complaint, and Ritz's subjective interpretation of that agreement. As in *Transport Indemnity Co., supra*, these facts do not establish the requisite explicit agreement, and an application here of the reasonability standard suggested in that case would therefore mandate a remand to the State Court.

However, because case law subsequent to *Transport Indemnity Co.* has established that agreements between parties cannot extend § 1446(b)'s 30 day time limitation, we are convinced that reliance upon such agreements for estoppel purposes will be unreasonable except in certain circumstances, such as those present in *Staples v. Joseph Morton Co., Inc., supra*, upon which defendants now rely. In that case there was an oral agreement between counsel that the plaintiff would discontinue an action against defendant. This agreement took place prior to the expiration of § 1446(b)'s thirty day time period, but plaintiff did not discontinue the action and, by the time plaintiff's duplicity was discovered, the statutory period had expired. The court held plaintiff estopped from contesting defendant's subsequent removal petition because, when the agreement at issue had been made, plaintiff knew of defendant's desire to remove the case and was fully aware of the requirements of § 1446(b).

By contrast, in this case defendants concede that there was not an agreement to discontinue the action, which, if present, would necessarily and conclusively preclude any possibility of removal. To resort to a theory of estoppel predicated upon an agreement to extend time, as suggested in *Transport Indemnity Co., supra*, would completely eliminate the principle that

§ 1446(b)'s time period cannot be lengthened by stipulation. Since defendant's noncompliance with § 1446(b) is unexcused, plaintiffs' motion to remand is granted.

SO ORDERED.