896 F.Supp. 94 (1995)
James M. JORDAN d/b/a James Jordan Associates and Shannon Ltd., Plaintiffs,
v.
Jaan AARISMAA, IV, Defendant.
No. 95-CV-778.
United States District Court, N.D. New York.
August 25, 1995.
Harter, Secrest & Emery, Rochester, NY (James C. Moore, of counsel), for plaintiff.
Jaan Aarismaa, IV, Oxford, NY, pro se.

MEMORANDUM, DECISION & ORDER
McAVOY, Chief Judge.

I. BACKGROUND
On April 17, 1995, plaintiff filed the complaint in this action in the Supreme Court of Otsego County, New York. The complaint alleges four causes of action involving breach of contract and breach of covenant of good faith and fair dealing. None of the claims is grounded in federal law.
Defendant, in his answer dated May 15, 1995, alleged that the state court lacked jurisdiction over the action due to certain copyright issues involved in the case. On May 26, 1995, Plaintiff's First Set of Interrogatories was mailed to defendant. These interrogatories requested information regarding defendant's defense of lack of jurisdiction due to the purported copyright issue referred to in defendant's answer. Plaintiff asserts that this information was sought only because the defendant referred to a copyright issue in his answer. Moore Aff. at ¶ 6.
On June 7, 1995, defendant filed a notice of removal in this court. Defendant's notice of removal was based on an alleged federal question involving copyright law. On July 5, 1995, plaintiff received notice that defendant had filed a notice of removal with the United States District Court for the Northern District of New York, 29 days after the removal notice was filed. Defendant has since filed a counterclaim against the plaintiff in this court alleging a breach of a purchase and sales agreement which expired on June 30, 1993, six additional breach of contract claims, and a claim for breach of implied covenant of good faith and fair dealing.
Plaintiff now seeks a remand of this action to the Supreme Court of Otsego County claiming that the defendant failed to file the notice of removal in a timely manner, that the defendant failed to promptly notify plaintiff of the removal in violation of 28 U.S.C. § 1446(d), and that this court has no jurisdiction because no federal law cause of action has been raised.

*95 II. DISCUSSION

A. Filing of the Notice of Removal
28 U.S.C. § 1446(b) states, in pertinent part, that:
[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
In this case, plaintiff filed his state action on April 17, 1995. Defendant does not dispute that he was served with a copy of the summons and complaint on April 29, 1995. See Def. Notice of Removal, June 7, 1995 at ¶ 2 (stating that defendant was served with the summons and complaint in the state court action on or about April 29, 1995). Defendant filed an answer in state court on May 15, 1995. He filed a notice of removal to federal court on June 7, 1995, 39 days after he was served in the state court action.
It is well established that § 1446(b)'s thirty day filing period, while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition. Moreover, this requirement has been interpreted strictly, for reasons of comity and the reluctance to interfere with a plaintiff's right to choose his own forum.
Nicola Products Corp. v. Showart Kitchens, Inc., 682 F.Supp. 171, 172 (E.D.N.Y.1988); see also New York v. Muka, 440 F.Supp. 33, 35 (N.D.N.Y.1977) (noting that removal statutes must be strictly construed and their procedures rigidly followed); Cohen v. Reed, 868 F.Supp. 489, 495-96 (E.D.N.Y.1994). Thus, absent a waiver or estoppel, the court may not extend the thirty day period, nor can the parties stipulate to ignore the limitation. Nicola Products Corp., 682 F.Supp. at 173. Since no waiver or estoppel is at issue here, at first glance, it appears that defendant's failure to file his notice of removal within 30 days after being served with the complaint is ample reason for remand.
However, 28 U.S.C. § 1446(b) also provides an another time frame for removal in applicable cases. The section provides, in pertinent part:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
It is this language which the defendant relies upon to explain his late filing. Defendant states in paragraph 8 of his Notice of Removal that "this is a timely filing of Notice despite lapse of more than thirty days after service of initial pleadings in the State Court proceedings." He also states in paragraph 9 that "the initial pleadings failed to adequately set forth the plaintiff's cause for [sic] action or claim for relief involving a Federal question. The Federal question which may first be ascertained that the case is one which is or has become removable was from other paper [sic], Title 28 # 1146(b)." Defendant also notes in paragraphs 5 and 6 of a document entitled "Notice of Motion for Counter Claim Annexed to Responsive Pleadings in Opposition Motion to Remand" that the plaintiff's complaint was artfully pleaded to conceal a federal question, and thus asserts that the federal claim could not be ascertained from the complaint itself. Defendant again states in his memorandum of law in opposition to the remand motion that the federal copyright law issues did not appear on the face of the complaint, and therefore, "the federal question is first ascertained from other papers." Def. Memo. at ¶¶ 17, 18, 37. He does not identify these "other papers," however.
These conclusory statements alleging that the defendant could not ascertain his federal claim from the plaintiff's complaint and that he did so only from some other unidentified documents are not sufficient to make his notice of removal timely. Defendant does *96 not discuss what other documents made the federal claim clear to him. Moreover, on August 11, 1995, plaintiff filed another document with the court entitled "Notice of Filing Documentary Evidence in Support of Affidavit and Memorandum of Law Opposing Remand" which shows that he was aware of a potential copyright infringement claim by no later than February 10, 1995, well before the state action was even filed. Attached to this document is a series of letters by defendant, each letter dated February 10, 1995, addressed to various individuals and publications informing them that it would be a breach of copyright law for plaintiff to re-run any advertising using defendant's copyrighted artwork. Each letter contains a notation that the letter was copied to the plaintiff. Based on this information, defendant cannot validly allege that he did not gain knowledge that he had a potential copyright action against the plaintiff until after April 29, 1995. Thus, the court has been given no reason to believe that the defendant in this case became aware of his purported ability to remove the case at any time later than when he was served with the summons and complaint in the state action. Therefore, the court finds it appropriate to apply the thirty day limitation from the date on which he was served with the complaint, and finds that the defendant clearly missed the thirty-day deadline.
Having reached the conclusion that defendant has missed the 30-day deadline for filing a notice of removal, the court hereby remands the action back to the Supreme Court of Otsego County. Having reached this conclusion, the court also finds it unnecessary to reach the other grounds proffered by plaintiff in support of his motion for remand.
IT IS SO ORDERED.