**HARRIS CORPORATION, Plaintiff,**

v.

**KOLLSMAN, INC., Defendant.**

**No. 6:00–CV–74–ORL–18A.**

United States District Court, M.D. Florida. Orlando Division.

May 15, 2000.

Douglas D. Marks, Dean, Mead, Spielvogel, Goldman & Boyd, Melbourne, FL, for Harris Corporation.

Lisa L. Hogreve, Frese, Nash & Hansen, P.A., Melbourne, FL, Wilsie H.

Adams, Jr., Manatt, Phelps and Phillips, Washington D.C., Douglas D. Marks, Dean, Mead, Spielvogel, Goldman & Boyd, Melbourne, FL, for Kollsman, Inc.

## *ORDER*

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE came before the Court upon Plaintiff's motion to remand this action on the ground that Defendant's notice of removal was untimely filed. (Doc. 7.) Plaintiff's motion is granted.

## *I. BACKGROUND*

Plaintiff Harris Corporation commenced this breach of contract action in Florida state court on August 6, 1999. Shortly thereafter, on October 27, 1999, the parties entered the following stipulation:

> [Defendant] was served with process in this cause on October 8, 1999. The parties are engaged in discussions to reach an amicable resolution of this case. [Defendant] shall be relieved of the responsibility to file a responsive pleading, Motion, or *required Notices* in this cause until such time as settlement discussions are declared by either party to have reached an impasse and [Plaintiff] serves a written notice on [Defendant] that a response is due, which notice, in any event, shall not be served before December 1, 1999. [Defendant] shall have twenty (20) days from the date of service of said notice within which to serve a response in this cause.

(Doc. 1, *Stipulation* ) (emphasis added).

According to counsel for Defendant, the "initial draft of the stipulation was drafted by the Attorney for [Plaintiff] and made no reference to 'notices.'" (Doc. 25 at 2, ¶ 5.) At Defendant's request, the phrase "required notices" was added to the stipulation "specifically in contemplation of [filing] a Notice of Removal." (*Id.*) Defendant considers it noteworthy that "[c]ounsel for Plaintiff made no inquiry as to why Defendant wanted to include 'notices' in the stipulation." (*Id.* at ¶ 6; Doc. 23 at 2, 4–5.) Defendant concedes, however, that it "is unable to say with certainty that the Plaintiff was aware of the Defendant's desire to remove when Plaintiff agreed to the addition of the word 'notices' to the stipulation." (Doc. 23 at 2.)

Confirming Defendant's uncertainty, counsel for Plaintiff, "as an Officer of this Court, represents that at no time in the negotiation of the October 27, 1999 stipulation, or at any time prior to the filing of [Defendant's] Notice of Removal, did the parties specifically discuss the issue of removal of this action to Federal Court or any extension or waiver of the time periods required to do so." (Doc. 21 at 2.)

After settlement discussions broke down, Plaintiff served Defendant with a written notice of impasse on January 14, 2000. In response, Defendant filed a notice of removal in this Court on January 20, 2000, 104 days after it was served in the state court action. (Doc. 1.) On February 3, 2000, Plaintiff timely moved for remand. (Doc. 7.)

## *II. FEDERAL REMOVAL JURISDICTION*

### *A. Scrupulous Confinement*

Federal removal jurisdiction implicates the bedrock principles of federalism, comity, and a plaintiff's right to choose its own forum. *See University of South Ala. v. The American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999). To uphold these principles, the United States Supreme Court mandated strict construction of the removal statutes:

> The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress ... 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously

confine their own jurisdiction to the precise limits which the [removal] statute has defined.'

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), *quoting Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934). By narrowly construing removal statues, federal courts preserve the independence of state governments. *See Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1045 (2d Cir.1991).

### B. Presumption, Doubts, and Burden of Persuasion

■ To scrupulously confine removal jurisdiction, federal courts have fashioned a presumption in favor of remand to state court. *See University of South Ala.,* 168 F.3d at 411. Additionally, the burden of persuasion rests upon the removing party, and all doubts as to the propriety of removal are resolved in favor of remand. *Id. See also Nicola Products Corp. v. Showart Kitchens, Inc.,* 682 F.Supp. 171, 172 (E.D.N.Y.1988).

### C. Timeliness of Notice of Removal

■ Under 28 U.S.C. § 1447(c), the Court may remand an action to state court based upon any defect in the removal procedure, including an untimely filed notice of removal. *See* 28 U.S.C. § 1447(c); *In re The Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir.1997); *Wilson v. General Motors,* 888 F.2d 779, 781 n. 1 (11th Cir.1989).

■ Save a limited exception that is not relevant here, 28 U.S.C. § 1446(b) mandates that a notice of removal "shall be filed within thirty days" after defendant first receives notice of the action. *See* 28 U.S.C. § 1446(b). Although the removal period is mandatory, it is not jurisdictional. *See Wilson,* 888 F.2d at 781 n. 1; *Liebig v. DeJoy,* 814 F.Supp. 1074, 1076 (M.D.Fla. 1993). Nevertheless, "absent a finding of

waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo,* 932 F.2d at 1046.

■ Federal litigants cannot stipulate to ignore statutory time periods established by Congress. Moreover, federal courts may not use Fed.R.Civ.P. 6(b) to enlarge statutory time periods. *See* 1 Moore's Federal Practice § 6.06(1)(a) (3d ed.2000). Thus, section 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise. *See Nicola Products,* 682 F.Supp. at 173; *Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405, 407 (C.D.Cal.1972). A plaintiff may, however, waive its right to object to removal on timeliness grounds. *See Weeks v. Fidelity and Casualty Company of New York,* 218 F.2d 503, 504 (5th Cir.1955) (failure to timely file notice of removal "may be waived, or objection to such failure may be precluded by estoppel.") [1]

### D. Waiver of Timeliness Objection

Congress statutorily vested federal litigants with the right to move for remand based upon any defect in the removal procedure, including an untimely filed notice of removal. *See* 28 U.S.C. § 1447(c). Like any other federal right, plaintiff may waive its right to object to removal on timeliness grounds. Plaintiff cannot, however, stipulate to allow defendant to file its notice of removal after the expiration of the statutory removal period. In the first case, plaintiff voluntarily relinquishes its own statutory right. In the second, plaintiff attempts to give defendant a right that neither party possesses; namely, the right to enlarge section 1446(b)'s mandatory removal period. That right belongs to Congress alone.

Although litigants cannot stipulate to ignore section 1446(b), certain conduct on the part of plaintiffs has been held to preclude them from objecting to removal

---

1. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981)(en banc) (Eleventh Circuit courts bound by Fifth Circuit decisions issued prior to October 1, 1981.)

on timeliness grounds. Sometimes this conduct is referred to as "waiver," and sometimes as "estoppel." *Transport Indemnity*, 339 F.Supp. at 407.

██ To silence plaintiff's timeliness objection, defendant must show that it reasonably relied to its detriment on plaintiff's representations that it would not object to removal on timeliness grounds. *Id.* at 409; *Nicola Products*, 682 F.Supp. at 173. Plaintiff's representations must take the form of affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand. *See Liebig*, 814 F.Supp. at 1076; *Transport Indemnity*, 339 F.Supp. at 408; *Maybruck v. Haim*, 290 F.Supp. 721, 723–24 (S.D.N.Y.1968). Federal courts do not lightly strip litigants of their statutory rights.

For example, if just prior to the expiration of the thirty (30) day removal period, the parties reach a specific agreement that plaintiff will not object to removal on timeliness grounds if defense counsel is a few days late in filing its notice of removal, waiver may be found. *See Nicola Products*, 682 F.Supp. at 173, *quoting Transport Indemnity*, 339 F.Supp. at 409.

██ Importantly, however, an unenforceable agreement to enlarge the time for removal cannot serve as the basis for finding waiver. *See Nicola Products*, 682 F.Supp. at 173–74. Indeed, "to resort to a theory of estoppel predicated upon an agreement to extend time . . . would completely eliminate the principle that § 1446(b)'s time period cannot be lengthened by stipulation." *Id.* In short, reliance upon such agreements for waiver purposes is per se unreasonable.

### III. APPLICATION

Defendant removed this action on January 20, 2000, 104 days after it was served with process in the Florida state court action. Notwithstanding that fact, Defendant maintains that it "filed its Notice of Removal within thirty (30) days of service

as that period was tolled by the parties' Stipulation," (Doc. 15 at 12), because Defendant reasonably relied on the stipulation to its detriment by failing to timely file its notice of removal. (Doc. 23 at 3.) Relying upon *Staples v. Joseph Morton Co., Inc.*, 444 F.Supp. 1312 (E.D.N.Y.1978), Defendant requests the Court, in calculating timeliness under section 1446(b), to equitably ignore the period of time from the date the stipulation was executed to the date Plaintiff served its notice of impasse. (*Id.*) Excluding that period of time, Defendant argues that its notice of removal was timely filed twenty-three (23) days after service of process. (Doc. 15 at 12.)

██ After reviewing the parties' stipulation, legal memoranda, and supporting affidavits, the Court finds that Defendant has failed to show that Plaintiff waived its right to object to removal on timeliness grounds through affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand. This conclusion is compelled on multiple grounds:

First, to the extent the subject stipulation can be interpreted to include an agreement to enlarge the time for removal, the agreement is void *ab initio*. Parties cannot stipulate to ignore section 1446(b)'s mandatory removal period.

Second, Defendant never communicated to Plaintiff its plan or desire to remove this action. Nor did Defendant seek Plaintiff's specific agreement to not object to removal on timeliness grounds. Instead, Defendant merely inserted the phrase "required Notices" in secret contemplation of removing this action should settlement talks falter. This falls far short of obtaining Plaintiff's unequivocal assent to waive its timeliness objection.

Third, it was per se unreasonable for Defendant to rely upon the stipulation in failing to timely remove this action. An unenforceable agreement to enlarge the mandatory removal period cannot serve as the basis for finding waiver.

■ Fourth, the Court's conclusion is in consonance with Florida contract law. The phrase "required Notices" was added to the stipulation (contract) at Defendant's request, for Defendant's benefit. Defendant chose the words, not Plaintiff. "It is a fundamental concept in [Florida] contract law that a contract is interpreted against the person for whose benefit it was drafted, where its meaning is in doubt." *Belen School, Inc. v. Higgins,* 462 So.2d 1151, 1154 (Fla. 4th DCA 1984). *See also Craddock v. Greenhut Const. Co.,* 423 F.2d 111 (5th Cir.1970), *citing Travelers Indemnity Co. v. Washington Fed. Sav. & Loan Assn. of Miami Beach,* 214 So.2d 492 (Fla. 3d DCA 1968) (unclear contract language must be "resolved against the draftsman or the party for whose benefit the term is inserted."); *Finberg v. Herald Fire Ins. Co.,* 455 So.2d 462, 463 (Fla. 3d DCA 1984) ("It is fundamental that doubtful language in a contract should be interpreted most strongly against the party who selected that language.") To the extent the phrase "required notices" is ambiguous, it must be construed against Defendant. In that light, the Court finds that the phrase "required notices," as used in the subject stipulation, does not include notices of removal.

Finally, Defendant's reliance upon *Staples v. Joseph Morton Co., Inc.,* 444 F.Supp. 1312 (E.D.N.Y.1978), is misplaced. In that case, plaintiff orally agreed to discontinue the action after defendant "expressed concern about the thirty-day time limit for removal." 444 F.Supp. at 1313. Shortly thereafter, defendant learned that plaintiff had not discontinued the action for fear of losing its discovery rights. *Id.* Once plaintiff's duplicity was discovered, plaintiff wrote a letter to defendant "expressing his awareness of [defendant's] desire to remove the case to federal court and a willingness to 'join in any motion (sic)' to remove the case." *Id.* (error in original). After defendant removed the action to federal court, plaintiff moved to remand on timeliness grounds. *Id.*

The court held that defendant's removal was timely because, in calculating timeliness under section 1446(b), plaintiff was estopped from including the period of time from the date plaintiff orally agreed to discontinue the action to the date plaintiff's duplicity was discovered. *Id.* at 1314. In reaching this conclusion, the court emphasized that at the time the plaintiff agreed to discontinue the action, plaintiff knew of defendant's desire to remove the case and was fully aware of section 1446(b)'s requirements. *Id.* As a result, the court found that defendant reasonably relied to its detriment on plaintiff's representations. *Id.*

Applying the standard set forth above to the facts in *Staples,* the Court agrees that the plaintiff in *Staples* waived its timeliness objection through affirmative conduct and unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand. There has been no such showing in this case.

Had Defendant clearly communicated to Plaintiff its desire to remove this action from the outset, Plaintiff's agreement to include the phrase "required Notices" in the stipulation might well justify a finding of waiver. But Defendant did not do that. Instead, Defendant inserted the subject phrase in secret contemplation of removing this action sometime in the future. Because Plaintiff had no knowledge whatsoever that Defendant desired to remove this action, it would be fundamentally unfair to strip Plaintiff of its right to object to removal on timeliness grounds. To hold otherwise would condone and facilitate unknowing waivers of a substantial statutory right.

### IV. CONCLUSION

In sum, Defendant has failed to establish a legally sufficient basis to excuse its failure to comply with section 1446(b)'s thirty (30) day time limit for removal. Accordingly, Plaintiff's motion to remand (Doc. 7) is hereby **GRANTED.**

1154

The Court **ORDERS** the Clerk of Court to remand this action to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.