Calvin THOMAS and Austin Williams, Plaintiffs,

v.

Robert BALDWIN and Province Cartage Systems d/b/a Sure Line Truck and Trailer, Defendants.

No. 01–CV–8598.

United States District Court, E.D. New York.

March 4, 2002.

Rose M. Day, Great Neck, NY, for Plaintiffs.

Joseph Scarglato, New York City, for Defendants.

## *ORDER*

GERSHON, District Judge.

On October 30, 2001, plaintiffs filed a summons and complaint against defendants in New York state court. Plaintiffs served these documents on both defendants through the New York Secretary of State on November 14, 2001 and by certified mail to each defendant on November

19, 2001. It is undisputed that defendant Province Cartage Systems received the mailed summons and complaint on November 26, 2001, and defendants do not contend that Robert Baldwin received the summons and complaint any later than that date. It is also undisputed that defendants did not file their notice of removal in this court until December 28, 2001.

■ A defendant who is served simultaneously with summons and complaint must file any notice of removal within thirty days of receiving those documents. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). This thirty-day filing period, "while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition." *Nicola Products Corp. v. Showart Kitchens, Inc.*, 682 F.Supp. 171, 172 (E.D.N.Y.1988); *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir.1991). Furthermore, "absent waiver or estoppel, the thirty day period cannot be extended by court order, stipulation of the parties, or otherwise." *Nicola Products*, 682 F.Supp. at 173 (citations omitted); *Somlyo*, 932 F.2d at 1046 (citing *Nicola Products* with approval). To demonstrate waiver or estoppel, a defendant "must show that it reasonably relied to its detriment on plaintiff's representations that it would not object to removal on timeliness grounds." *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp.2d 1148, 1152 (M.D.Fla.2000) (citing, *inter alia*, *Nicola Products* ). These representations "must take the form of affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Id.* In the context of a remand motion, the removing party has the burden of proof, and "federal courts construe the removal statute narrowly, resolving any doubts against remov-

ability." *Somlyo*, 932 F.2d at 1045–46; *Brooklyn Hosp. Ctr. v. Diversified Info., Technologies, Inc.*, 133 F.Supp.2d 197, 200 (E.D.N.Y.2001).

■ In this case, there is no question that defendants filed their notice of removal thirty-two days after receiving the summons and complaint. Defendants argue that their delay in removing was attributable to settlement discussions between their insurance carrier and plaintiffs' attorneys, and that "[i]n light of the settlement negotiations between the parties, the plaintiffs should be estopped" from relying on the untimeliness of the removal notice. Defendants fall far short of making the showing necessary to demonstrate grounds for estoppel, however, as defendants make no allegation whatsoever of any representation by plaintiffs that plaintiffs would refrain from contesting removal on timeliness grounds. Given that defendants have the burden of proof on removal and that any doubts on the subject must be resolved against them, their removal cannot stand.

Therefore, plaintiffs' motion to remand this case to state court is granted. The Clerk of Court is directed to remand this case to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**