

Howard M. Lefkowitz, Law Office of Howard M. Lefkowitz, Chappaqua, NY, for Plaintiff.

Gail Elizabeth Slaughter, John B. McCusker, John Brendan McCusker, McCusker, Anselmi, Rosen, Carvelli & Walsh, New York City, for Defendants.

**TOTAL ENERGY CORP., Plaintiff,**

v.

**Craig STOLT and Tag Petroleum Contractors, Inc., Defendants.**

**No. 04 CIV. 1753(SCR).**

United States District Court, S.D. New York.

Aug. 24, 2004.

## ORDER

ROBINSON, District Judge.

Total Energy Corp. (the "Plaintiff") originally commenced this action in the Supreme Court of the State of New York, County of Westchester (the "Supreme Court") on or about January 20, 2004. Craig Stolt and Tag Petroleum Contractors, Inc. (collectively, the "Defendants") were served with the Plaintiff's complaint on or about January 27, 2004 and subsequently filed a notice of removal (the "Notice of Removal") to federal court. On or about March 26, 2004, the Plaintiff filed a motion (the "Plaintiff's Motion") for an order remanding this matter to the Supreme Court. The Defendants filed an opposition to the Plaintiff's Motion (the "Defendants' Opposition") on or about April 12, 2004. On or about April 16, 2004, the Plaintiff filed a reply (the "Reply") in support of the Plaintiff's Motion.

The Plaintiff's Motion contends that the Defendants' Notice of Removal was not filed in a timely fashion pursuant to 28

U.S.C. § 1446 (" § 1446"), which provides that "notice of removal of a civil action or proceeding shall be filed within thirty days" of receipt of the initial pleading, or service thereof. More particularly, the Plaintiff submits that the Defendants' Notice of Removal was not filed with this Court until March 3, 2004; thirty-six days after the service of the Plaintiff's complaint. (Plaintiff's Motion, Page 1). Thus, the Plaintiff contends that the Notice of Removal should be considered a nullity and the case remanded back to the Supreme Court. (Id. at 2).

The Defendants concede that the Notice of Removal was not *properly* filed with this Court until March 3, 2004, six days late; however, the Defendants disclose additional procedural background explaining such delay in filing. More specifically, the Defendants submit that on or about February 25, 2004, the Notice of Removal, together with the applicable supporting papers and filing fee, were sent by overnight mail to the Clerk's Office for the United States District Court for the Southern District of New York (the "Clerk's Office"). (Affirmation from Gail Slaughter, Esq., ¶ 2 (the "Affirmation")). Further, on or about February 25, 2004, the Defendants sent a copy of the Notice of Removal to the Supreme Court by overnight mail. (*Id.* at ¶ 3) The Defendants concede that the Plaintiff inadvertently was not served with the Notice of Removal on February 26, 2004, but was on March 2, 2004. (*Id.* at ¶ 4, 5 and 6). Additionally, on or about March 2, 2004, the Defendant received the Notice of Removal by mail, returned by the Clerk's Office for the failure to include the proper (Southern District specific) civil cover sheet. (*Id.* at ¶ 7).[1] The Clerk's Office directed the Defendants' to re-sub-

mit the identical Notice of Removal, with the proper civil cover sheet, which was done the next day. (Id. at ¶ 12). The Clerk's Office filed the Notice of Removal on March 3, 2004. (*Id.* at ¶ 15). The Defendants also re-served the Notice of Removal on the Plaintiff's counsel on or about March 3, 2004. (*Id.* at ¶ 13).

There is no dispute that the Defendants' attempted to file the Notice of Removal within the statutory period provided by § 1446. The sole reason for the delay in the filing of the Notice of Removal was a minor clerical error. The Plaintiff argues that the thirty-day filing period set forth by § 1446 "is mandatory and failure to comply with it will defeat a [removal petition]." (Reply at 4) (citing *Nicola Products Corp. v. Showart Kitchens Inc.*, 682 F.Supp. 171 (E.D.N.Y.1988)). However, the Second Circuit has held that while district courts lack the authority to enlarge statutory filing limits, they do have the discretion to excuse non-compliance with the Local Rules, which are not statutes, in the interest of justice. *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir.2000) (citing *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1048 (2d Cir.1991)). Specifically, in *Somlyo* the Second Circuit stated that "the district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked." *Somlyo* at 1048.

Based upon the foregoing case law, this Court cannot extend the Defendants' time to file the Notice of Removal past the thirty-day period; however, it can evaluate whether the Defendants' non-compliance with the Local Rules (filing with the improper civil cover sheet) should be excused. As set forth above, the Defendants' non-compliance was not with the

---

1. It should be noted that the Defendants' counsel had previously used the "improper" civil cover sheet at issue without problem and that a recent change by the Clerk's Office was responsible for the problem. (Affirmation, ¶ 9 and 10).

thirty-day period of § 1446, but with the Southern District's Local Rule requiring a particular civil cover sheet. This Court does not find such non-compliance to be a proper ground to defeat the Notice of Removal and remand the case back to the Supreme Court. Therefore, this Court finds that the Defendants' Notice of Removal was properly filed with the Clerk's Office on February 26, 2004 and should have been accepted; notwithstanding the Local Rule regarding the civil cover sheet. Accordingly, the Plaintiff's Motion is denied and the Defendants' Notice of Removal is deemed timely filed.

It is so ordered.