Steven JOHNSON and Lisa
Johnson, Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY, Defendant.

Case No. 8:12–cv–1311–T–30MAP.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 23, 2012.

Matthew Reed Danahy, Danahy & Murray, PA, Tampa, FL, for Plaintiffs.

Guy Ellington Burnette, Jr., Guy E. Burnette, Jr., PA, Tallahassee, FL, for Defendant.

## ORDER

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand and Incorporated Memorandum of Law (Dkt. 6), Defendant's Response to Plaintiffs' Motion to Remand and Incorporated Memorandum of Law (Dkt. 10), and Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Remand and Incorporated Memorandum of Law (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised on the premises, concludes that the motion to remand should be granted.

## BACKGROUND

This case originated in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and it is based on a claim for breach of an insurance contract. Plaintiffs Steven and Lisa Johnson allege that their insurance policy with Defendant USAA Casualty Insurance Company covers damage caused by sinkhole activity. In response to a claim based on sinkhole activity, USAA denied coverage to the Johnsons because it concluded that the insured property had not sustained "structural damage."

On April 25, 2012, the Johnsons filed their Complaint in state court against USAA seeking contractual and compensatory damages for their sinkhole loss. On May 9, 2012, USAA was served with the summons and complaint. USAA contacted the Johnsons on May 24, 2012, requesting an extension of time to respond to the Complaint and initial discovery requests. The parties agreed to a two-week extension until June 12, 2012. On June 11, 2012, USAA filed its Notice of Removal to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Three days later on June 14, 2012, the Johnsons

filed their Motion to Remand and Incorporated Memorandum of Law. Aside from the required filing of the Case Management Report, there has not been any significant activity in the case from the time of the filing of the instant motion, response, and reply.

### DISCUSSION

 "Federal removal jurisdiction implicates the bedrock principles of federalism, comity, and a plaintiff's right to choose its own forum." *Harris Corp. v. Kollsman, Inc.*, 97 F.Supp.2d 1148, 1150 (M.D.Fla.2000). As a result, the removal statutes are strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). And any doubts about jurisdiction should be resolved in favor of remand. *Univ. of S. Ala.*, 168 F.3d at 411.

The removal statute, 28 U.S.C. § 1446(b), mandates that a notice of removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Under 28 U.S.C. § 1447(c), a court may remand an action to state court based upon any defect in the removal procedure, including an untimely filed notice of removal.

 Furthermore, federal litigants cannot stipulate around statutory time periods established by Congress. *Harris Corp.*, 97 F.Supp.2d at 1151. Nor may federal courts enlarge statutory periods based on "good cause" under Fed.R.Civ.P.

6(b). *Id.* "Thus, section 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise." *Id.*

In the present case, USAA was formally served by the Chief Financial Officer of the State of Florida on May 9, 2012.[1] On May 24, 2012, the parties agreed to a two-week extension for USAA to respond to the Complaint and discovery requests. This stipulated extension to respond to the Complaint did not extend the statutory thirty-day time period for filing a notice of removal. As such, a timely notice of removal by USAA was still due on June 8, 2012. Therefore, USAA's June 11, 2012 Notice of Removal was not timely.

 Certain post-removal conduct on the part of plaintiffs can be deemed "waiver" or "estoppel" which precludes them from objecting to removal on timeliness grounds. *The Formula, Inc. v. Mammoth 8050, LLC*, 2008 WL 60428, at *3 (S.D.Fla. Jan. 3, 2008). The removing party must show that it reasonably relied to its detriment on the affirmative conduct or unequivocal assents of the plaintiff that he would not object to removal on timeliness grounds. *Harris Corp.*, 97 F.Supp.2d at 1152.

 Several factors should be considered in determining whether a plaintiff has waived its right to seek remand: "the nature and gravity of the defect in removal; principles of comity and judicial economy; relative prejudice to the parties, including deference to the plaintiff's choice of forum; [and] actions taken by the party seeking remand that imply it has affirmatively sought the federal court's intervention." *The Formula, Inc.*, 2008 WL 60428, at *4.

---

1. Under Florida Statutes § 624.307(9), the Chief Financial Officer may, "in lieu of sending the process by registered or certified mail, send the process by any other verifiable means to the person last designated by the regulated person to receive the process." Here, Jeff Atwater, the Chief Financial Officer of the State of Florida, served process on USAA by electronic delivery to USAA's designated agent on May 9, 2012.

The removing party bears the burden of persuasion, and any substantial doubts as to the propriety of the removal should be resolved against federal jurisdiction. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998).

■ USAA argues that the Johnsons' actions following the filing of their motion to remand have waived their right to seek remand. The Johnsons' filed their Motion to Remand three days after USAA filed its Notice of Removal. Since that time, the Johnsons have filed a Case Management Report in accordance with this Court's standing order. They have also suggested to USAA that this case be scheduled for mediation and requested the identity of USAA's corporate representative in order to depose him pursuant to Fed.R.Civ.P. 30(b)(6) (Dkt. 10–1). USAA argues these actions constitute sufficient participation as to waive the right to seek remand.

The Court disagrees. As to the filing of the Case Management Report, USAA even admits in its response that "Defendant acknowledges this fact alone does not constitute waiver of Plaintiffs' right to remand, since it is mandated by the Court." Additionally, the Johnsons' suggestion of mediation to USAA appears to have pre-dated the Notice of Removal, so it does not provide evidence of detrimental reliance by USAA that the Johnsons would not object to removal on timeliness ground.[2] Furthermore, conforming the deposition notice of USAA's corporate representative to the requirements of Fed.R.Civ.P. 30(b)(6) does not evince affirmative action seeking the Court's intervention. Most pertinently, the Johnsons quick filing of their Motion to Remand assuage any doubts as to the issue of waiver or estoppel, and their motion for remand should be granted.

The Johnsons also request reasonable attorney's fees and costs incurred in responding to USAA's Notice of Removal pursuant to 28 U.S.C. § 1447(c). The United States Supreme Court has explained that the "standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The Court continued, "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

■ Even though the Court finds that USAA's removal was untimely, the Court does not find that USAA "lacked an objectively reasonable basis for seeking removal" because the thirty-day time limit had expired by a single day.[3] Therefore, the Court declines to exercise its discretion to award reasonable attorney's fees and costs to the Johnsons.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law (Dkt. 6) is GRANTED.

2. The Clerk of the Court is directed to REMAND this case to the Circuit Court for the Thirteenth Judicial

---

2. The Johnsons' attorney sent a letter to USAA stating, "As I previously explained in my letter of May 31st (and my letter to Florence Schreier dated April 25, 2012), both parties would be well served by discussing early settlement and/or mediation of this matter." The letter is dated June 14, 2012, the same day the Johnsons filed their Motion to Remand.

3. The thirty-day time period ended on Friday, June 8, 2012. USAA filed its Notice of Removal on Monday, June 11, 2012. Based on Fed.R.Civ.P. 6(a)(1), Saturdays, Sundays, and legal holidays are excluded if they fall on the last day of the period so that the period continues to run until the end of the next business day. Thus, USAA's filing was one day late.

Circuit in and for Hillsborough County, Florida.

3. The Clerk is also directed to forward a certified copy for this Order to that Court.

4. The Clerk is directed to CLOSE this case and terminate any pending motions.