# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1776

_____

| | |
|---|---|
| Michael S. Dahl; | * |
| David Scott Huber, | * |
| | * |
| Plaintiffs - Appellants, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| R.J. Reynolds Tobacco Company; | * |
| R.J. Reynolds Tobacco Holdings, Inc., | * |
| | * |
| Defendants - Appellees. | * |

_____

Submitted: December 14, 2006
Filed: February 28, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Michael S. Dahl and David Scott Huber filed this action in the Minnesota District Court alleging that R.J. Reynolds' practice of marketing and selling "light" cigarettes violated state consumer protection statutes and constituted common law fraud. After defendants unsuccessfully attempted to remove the case to federal court on diversity grounds, plaintiffs' claims were dismissed as preempted by federal law. Plaintiffs appealed the dismissal to the Minnesota Court of Appeals. While their appeal was pending, our court decided Watson v. Philip Morris Co.,420 F.3d 852 (2005), cert. granted, 127 S. Ct. 1055 (Jan. 12, 2007) (No. 05-1284), holding in a case

also involving the marketing of light cigarettes that there was removal jurisdiction under 28 U.S.C. § 1442(a) because Philip Morris had established federal officer jurisdiction. R.J. Reynolds then made a second try at removing this case, this time alleging federal officer jurisdiction under § 1442(a). Plaintiffs moved to remand the case to state court on the ground that the attempted removal was untimely. The district court denied the motion to remand, and plaintiffs appeal. We reverse.

I.

This case is one of many across the country and within our circuit which challenge the marketing, advertising, and distribution of "light" cigarettes. Plaintiffs filed their complaint in state court on April 3, 2003, seeking damages and restitution for R.J. Reynolds' "unfair business practices and/or deceptive and unlawful conduct in connection with the manufacture, distribution, promotion, marketing, and sale" of its light cigarettes. Plaintiffs claim that R.J. Reynolds: (1) designed its light cigarettes to register lower levels of tar and nicotine than what would actually be ingested by consumers, (2) intentionally misrepresented to consumers that its light cigarettes would deliver less tar and nicotine than other cigarettes, (3) intentionally misrepresented that its light cigarettes were healthy alternatives to other cigarettes, and (4) continued to sell light cigarettes as a healthy alternative knowing this to be false.

Within thirty days of being served with the complaint, R.J. Reynolds attempted to remove the case to federal court on April 24, 2003, arguing that the total award sought by plaintiffs exceeded the $75,000 threshold for diversity jurisdiction. Plaintiffs moved to remand because the amount sought by each individual plaintiff

was less than $75,000, and the district court[1] granted their motion and remanded the case to state court.

Plaintiffs then moved for class certification, and R.J. Reynolds moved for dismissal of all claims against it. R.J. Reynolds argued that the claims were preempted because it had complied with the requirements set by Congress in the Cigarette Labeling and Advertising Act of 1965, 15 U.S.C. § 1331, and its amendments. The state district court agreed with R.J. Reynolds, dismissed the claims as preempted, and denied the motion for class certification as moot. The plaintiffs appealed to the Minnesota Court of Appeals.

While that appeal was pending, our court issued its decision in Watson v. Philip Morris Co.,420 F.3d 852 (2005), cert. granted, 127 S. Ct. 1055 (Jan. 12, 2007) (No. 05-1284), a case involving claims against a cigarette manufacturer similar in nature to those alleged here. The manufacturer timely removed the case to federal court on July 2, 2003, asserting federal question jurisdiction under 28 U.S.C. § 1331, as well as jurisdiction under 28 U.S.C. § 1442(a), which permits removal if the defendant has been sued for actions taken under direction of a federal officer.[2] The Watson plaintiffs moved to remand. The district court[3] denied their motion on December 12, 2003, concluding that it had federal officer jurisdiction over the dispute because the manufacturer had taken the challenged actions under the direction of the Federal

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[2]That section provides for removal where (1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between its actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a "person" within the meaning of the statute. See, e.g., Jefferson County v. Acker, 527 U.S. 423, 430-31 (1999).

[3] The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Trade Commission (FTC) and had raised a colorable federal defense. See <u>Watson v. Philip Morris Co.</u>, No. 4:03-CV-519, 2003 WL 23272484 (E.D. Ark. Dec. 12, 2003). In affirming the district court on August 25, 2005, we concluded that the FTC's "comprehensive, detailed" control over the labeling of cigarettes provided a basis for federal officer jurisdiction over the claims under § 1442(a). <u>Watson</u>, 420 F.3d at 858. In the course of its analysis the court noted that a number of federal trial courts had remanded similar cases removed from state court under § 1442(a). <u>Id.</u> at 857.

R.J. Reynolds then attempted again to remove this case on September 22, 2005, now alleging federal officer jurisdiction under § 1442(a). Plaintiffs moved to remand, arguing that the notice of removal had not been filed within the thirty day limit to remove cases from state court, 28 U.S.C. § 1446(b), and that federal officer jurisdiction was not available. R.J. Reynolds responded that our court's decision in <u>Watson</u> made it clear for the first time that federal courts have jurisdiction over claims like those in this case and its receipt of that opinion recommenced the thirty day time period for removal. The district court agreed and denied the motion to remand; it then ordered the case "transferred" for appellate review. The plaintiffs appeal.

Appellants raise three issues. They argue that the case must be remanded to state court because R.J. Reynolds failed to remove the case within the thirty day limit in § 1446(b). Even if the removal were timely they argue, this case is distinguishable from <u>Watson</u> and that precedent has no relevance here. If we were to conclude that there is federal officer jurisdiction, however, the state district court should be reversed because it erred by dismissing their claims as preempted. R.J. Reynolds responds that its removal was timely because the <u>Watson</u> decision first made it clear that cases of this type are removable, that it is similarly situated to the defendant in <u>Watson</u> so federal officer jurisdiction is appropriate, and that the state court properly concluded that the claims are preempted.

II.

Appellants contend that the district court erred by denying their motion to remand because R.J. Reynolds did not raise federal officer jurisdiction within the thirty day opportunity for removing cases to federal court and the decision in Watson did not recommence the time limit for removal. First, they argue that the Watson opinion was not the type of document Congress had in mind to restart the running of the thirty day removal period. Second, they assert that our Watson decision was not the first basis from which R.J. Reynolds could ascertain that the case could be removed under the federal officer provision. They point to earlier instances, in which defendants including R.J. Reynolds,[4] had attempted to use federal officer removal as evidence that the concept was ascertainable prior to our Watson decision.

R.J. Reynolds argues that all courts to have considered the issue prior to our Watson decision rejected federal officer jurisdiction over these types of claims and that it first ascertained that it could use that basis for removal upon receiving a copy of our opinion. It contends that that opinion was an "order or other paper" recommencing the thirty day removal period and that failure to permit federal officer removal would unduly burden defendants seeking federal jurisdiction. It also asserts that to ascertain means to become "certain, sure, or confident." See Oxford English Dictionary (1989). Only after receiving the Watson opinion could it be certain consistent with Rule 11 that federal officer removal was appropriate it says.

We apply de novo review to a district court's denial of a motion to remand, United States v. Todd, 245 F.3d 691, 693 (8th Cir. 2001), and to all questions of statutory interpretation. Wingert & Assocs., Inc. v. Paramount Apparel Int'l Inc., 458

---

[4]After the district court's decision in Watson, R.J. Reynolds attempted in January 2004 to remove Collora v. R.J. Reynolds Tobacco Co., 428 F. Supp. 2d 1018, 1020 (E.D. Mo. 2006); the case was remanded in an unappealable order. See 28 U.S.C. § 1447(d).

F.3d 740, 743 (8th Cir. 2006). Federal courts are to "resolve all doubts about federal jurisdiction in favor of remand" and are strictly to construe legislation permitting removal. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).[5]

The federal removal statute, 28 U.S.C. § 1446, provides that a civil defendant must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . within thirty days after the receipt by the defendant" of a copy of the initial state court pleading. A defendant is generally barred from asserting any ground for removal not attempted within that thirty day period. 28 U.S.C. § 1446(b); see also Lindsey v. Dillards, Inc., 306 F.3d 596, 600 (8th Cir. 2002).

Congress created one exception for situations where the case was not removable as originally filed, but the defendant has later received the type of document described in § 1446(b) making removability first ascertainable:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). In such a situation the thirty day time period starts again upon receipt of the document, provided that the case as stated by the initial pleading was not removable. Id.

---

[5] R.J. Reynolds urges that the removal statute be construed broadly and that we should extend the "liberal interpretation" to the time limits in § 1446, citing Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006), but we decline its invitation.

The issues before the court turn on the interpretation of the removal statute. When construing the terms of a statute, we begin with its plain language. <u>Watson v. Ray</u>, 192 F.3d 1153, 1155-56 (8th Cir.1999). In providing two key requirements for recommencement of the thirty day limit for filing a petition for removal, Congress used language that is subject to differing interpretations. Required are (1) receipt of a copy of an "amended pleading, motion, order or other paper" which supplies a basis (2) from which "it may first be ascertained that the case is or has become removable." 28 U.S.C. § 1446(b). The parties disagree both about (1) whether our <u>Watson</u> decision was "an amended pleading, motion, order or other paper" within the meaning of § 1446(b) and (2) when it could first have been ascertained that this case was removable on the basis of federal officer jurisdiction. The first of these disputes turns on what type of document Congress intended to trigger the recommencement of the thirty day time limit.

A.

Receipt of our <u>Watson</u> opinion could only recommence the thirty day limit for removal if Congress intended that receipt of a decision issued in a different case from the one before the court would be covered by the terms: "an amended pleading, motion, order or other paper."

All of the document types listed in § 1446(b) are commonly produced in the course of litigating an individual case of any complexity, and each might introduce a new element into the case which could affect jurisdiction. For example, federal jurisdiction could be created by an amended pleading adding a federal cause of action or an order dismissing a non diverse party. <u>See, e.g.</u> <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 69 (1996). The types of documents mentioned in § 1446(b) are listed in a logical sequence in the development of an individual case. In light of this context, in which the words "order or other paper" follow immediately after amended pleading and

-7-

motion, it would be an unsupported stretch to interpret "order" to include a decision in a separate case with different parties.

If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case. Our interpretation of § 1446(b) is consistent with the canon of statutory interpretation that when "several items in a list share an attribute," courts are to construe "the other items as possessing that attribute as well." Beecham v. United States, 511 U.S. 368, 371 (1994). Moreover, courts have interpreted the "other paper" term in § 1446(b) to apply to papers and documents involved in the case being removed. See, e.g., Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1220-21 (8th Cir. 2006) (motion response which states federal cause of action is "other paper"); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000) (post complaint demand letter seeking an amount greater than $75,000 is "other paper").

R.J. Reynolds asserts that we should expand the concept of "order and other paper" by adopting the reasoning of two decisions by other circuits which treated judicial opinions from other cases as a basis for recommencing the thirty day time limit. See Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263 (5th Cir. 2001); Doe v. Am. Red Cross, 14 F.3d 196 (3d Cir. 1992). In both of those cases, however, the defendant seeking to remove was also a party in the separate case which generated the decision creating a basis for federal jurisdiction. In both of those cases the defendant also had timely asserted the same basis for removal on which it later ultimately succeeded. Green, 274 F.3d at 265; Doe, 14 F.3d at 198.

Here, R.J. Reynolds was not a party to Watson and did not attempt to remove this case based on federal officer jurisdiction within the initial thirty day time limit. Moreover, both Green and Doe expressly limited their holdings to the unusual circumstances presented in those cases. See Doe, 14 F.3d at 202 (Supreme Court

decision gave American Red Cross authority to remove all cases in which it was a defendant as in <u>Doe</u>): <u>Green</u>, 274 F.3d at 268 (case fell into "limited parameters" identified in <u>Doe</u>: grounds to dismiss only non diverse defendant in opinion involving same defendants and same causes of action).  Here, this case does not fit into those confined parameters, and R.J. Reynolds has failed to show that the reasoning in <u>Doe</u> or <u>Green</u> should expand the concept of "amended pleading, motion, order or other paper" to include an opinion issued in an unrelated case with completely different parties.  We conclude that R.J. Reynolds' receipt of a copy of our <u>Watson</u> opinion did not recommence the thirty day limit for filing a notice of removal since that document was not an "amended pleading, motion, order or other paper" within the meaning of § 1446(b).

B.

The parties also disagree about the statutory meaning of "ascertain" in § 1446(b).  Appellants contend that it was ascertainable at the time the complaint was served that federal officer jurisdiction was available as a basis for removal or that it certainly was ascertainable at the latest in January 2005 when R.J. Reynolds used this ground to remove a similar case.  Appellees respond that only after issuance of our <u>Watson</u> opinion could it have first ascertained that this case was removable under federal officer jurisdiction.

A triggering document can only supply a basis for recommencing the thirty day period if from its receipt, "it may first be ascertained that the case is or has become removable." 28 U.S.C. § 1446(b).  Defendant Philip Morris was served with the complaint in <u>Watson</u> at approximately the same time as this case was initially served on R.J. Reynolds.  Philip Morris removed its case within the thirty day limit in July 2003 based on federal officer jurisdiction. R.J. Reynolds knew about the district court decision in <u>Watson</u> and concedes that it was similarly situated to Philip Morris, but it did not assert federal officer jurisdiction in this case until September 2005.  It had

nevertheless alleged federal officer jurisdiction in <u>Corolla</u> in January 2005. <u>See</u> <u>supra</u>, n. 4. The fact that the district court in <u>Corolla</u> had not seen the issue the same as the <u>Watson</u> district court does not mean that R.J. Reynolds had not ascertained that federal officer jurisdiction was a nonfrivolous argument prior to September 2005. Congress was aware that there could be disputed issues of jurisdictional grounds for removal but it required in § 1446(a) only that notices of removal comply with the Rule 11 standard and thus be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Fed. R. Civ. Pro. 11. Given the circumstances here, we conclude that it was already ascertainable that federal officer jurisdiction could be a basis for removal at the time R.J. Reynolds first attempted to remove the complaint in this case.

III.

Based on the record here we conclude that the case should have been remanded to state court. Since the statutory thirty day limit was not recommenced by receipt of a copy of our <u>Watson</u> decision,[6] appellees' second attempt to remove this case was untimely and the district court lacked jurisdiction over it. Accordingly, we reverse the order of the district court and remand with instructions to remand this case to the Minnesota Court of Appeals.

_____

---

[6]Because of this conclusion, appellants' suggestion that <u>Watson</u> was incorrectly decided is irrelevant to this appeal and not a question for us in any event. <u>See</u> <u>United States v. Wilson</u>, 315 F.3d 972, 973-94 (8th Cir. 2001).