# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2047

_____

Christiane Dalton; William Aaron, Jr., individually, and on behalf of all others
similarly situated

*Plaintiffs - Appellees*

v.

Walgreen Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 27, 2013
Filed: July 12, 2013

_____

Before WOLLMAN, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Christiane Dalton and William Aaron, Jr., ("the Plaintiffs") filed this putative
class action against Walgreen Company ("Walgreens") in Missouri state court on
April 5, 2012, seeking damages relating to Walgreens's alleged practice of coding its
web pages to cause tracking codes or "flash cookies" to be downloaded onto the
Plaintiffs' computers. Under controlling Eighth Circuit precedent at the time of

filing, the case was not removable to federal court because the Plaintiffs and their counsel stipulated that the amount in controversy did not meet the threshold triggering federal jurisdiction under the Class Action Fairness Act ("CAFA"). See Rolwing v. Nestle Holdings, Inc., 666 F.3d 1069, 1072 (8th Cir. 2012), abrogated by Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348-51 (2013). The Supreme Court later abrogated Rolwing, holding that such stipulations cannot be used to defeat federal jurisdiction under CAFA. See Knowles, 133 S. Ct. at 1348-51.

Federal law specifies that a defendant seeking removal must file a "notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). Furthermore, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In short, a defendant must file a notice of removal within 30 days of one of the statute's triggering events.

Walgreens filed its notice of removal on March 29, 2013, nearly one year after the Plaintiffs initially filed the putative class action. Thus, Walgreens's notice of removal was timely only if it was filed within 30 days of Walgreens's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable." See id. The parties agree that issuance of Knowles did not trigger the start of a 30-day period under section 1446(b)(3). See Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 969 (8th Cir. 2007) (holding that "a decision in a separate case with different parties" is not an "order or other paper" under section 1446(b)).

Walgreens based its notice of removal on the contention that its counsels' receipt of written discovery responses from Dalton on February 28, 2013, constituted

receipt of "other papers" and consequently began a new 30-day period within which Walgreens could file a notice of removal. Dalton submitted these discovery responses in a separate putative class action involving the same or similar claims against a different defendant who happens to be represented by the same counsel as Walgreens. Dalton is the only named plaintiff in that separate case. On April 16, 2013, the district court[1] sua sponte entered an order of remand, concluding that the amount in controversy could not be proven by reference to discovery responses in another case. Walgreens timely filed a petition to appeal. We granted that petition on May 13, 2013, and we decide the appeal on an expedited basis pursuant to the 60-day time limitation set by Congress. See 28 U.S.C. § 1453(c)(2).

We decline to adopt Walgreens's expansive reading of section 1446(b)(3) under the specific facts of this case. Walgreens's stated basis for removal was receipt of discovery responses in a separate case against a different defendant involving only one of the two Plaintiffs in this case. Because we hold that these responses were not "other paper" under section 1446(b)(3) as a matter of law, Walgreens had no statutory basis to remove the case at this juncture.[2] Thus, using our power to affirm the district court on any basis in the record, see Interstate Bakeries Corp. v. OneBeacon Ins. Co., 686 F.3d 539, 542 (8th Cir. 2012), we affirm the district court's order remanding the

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

[2]It remains to be seen whether this case may become removable in the future due to Walgreens's receipt of discovery responses in this case or of other documents specified in section 1446(b)(3). See § 1446(b)(3); cf. Hurst v. Nissan N. Am., Inc., No. 13-1757, 2013 WL 2363083, at *2 (8th Cir. May 31, 2013) (unpublished per curiam) ("On remand, should punitive damages [sufficient to trigger federal jurisdiction under CAFA] find their way into the case for consideration by the jury (whether by formal amendment to the pleadings or otherwise), immediate removal would be timely and almost certainly proper.").

case to state court.  In light of this disposition, we decline to reach Walgreens's remaining arguments.

_____