# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3217

_____

Amy Hiltner,

*Plaintiff - Appellee*,

v.

Owners Insurance Company,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: March 9, 2017
Filed: August 29, 2017

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Owners Insurance Company appeals a judgment of the district court awarding Amy Hiltner damages for injuries that she sustained in a vehicle-related accident. The insurance company argues that the district court improperly applied a heightened duty to the driver of the vehicle, that the court erred in its apportionment of fault, and that the court abused its discretion in altering its damages award *sua sponte*. Because

we determine that the district court improperly applied a heightened duty to the driver, we reverse and remand for further proceedings.

In May 2010, Hiltner attended a social gathering at a friend's apartment, where she and others became intoxicated. Around midnight, Hiltner, Samantha Denault, Xaviera Lone Wolf, Josh Jeffries, and three others left the gathering. Denault had agreed to serve as the designated driver, and she was the only sober person among the group when they departed.

Denault planned to drive the others to Lone Wolf's apartment and then drive home. When the group reached Denault's vehicle, Jeffries and three others got inside, but Hiltner and Lone Wolf climbed onto the trunk with their backs facing the rear window. Denault urged the two to get off the trunk and get into the vehicle, but they twice refused and said they would be "fine." Although she was concerned, Denault proceeded to drive slowly to Lone Wolf's apartment. Observing that Hiltner and Lone Wolf were taking pictures of each other, laughing, and swaying to music, Denault kept her speed at fifteen miles per hour, slowed down for turns, and checked on the two every thirty seconds through the rearview mirror.

Jeffries was located in the front passenger seat. During the drive, he gestured with his left hand once or twice as if he was going to push down Denault's right leg. Denault was annoyed and told him to stop. The ride went without incident until the final turn toward Lone Wolf's apartment. At that point, Jeffries pushed Denault's right leg down onto the accelerator, causing the vehicle to speed up. Hiltner and Lone Wolf fell off the trunk. Hiltner was injured during the fall and needed physical and occupational therapy to recover.

After Denault's insurer paid Hiltner its policy limit of $25,000, Hiltner sought underinsured motorist benefits from Owners as an insured under her father's automobile policy. Owners denied benefits, and Hiltner sued in North Dakota state

court. Owners removed the case to federal court, and the case was tried to the court. The district court found Denault, Jeffries, and Hiltner each liable in part for the accident. The court apportioned fault of fifty-five percent to Denault, twenty-five percent to Jeffries, and twenty percent to Hiltner.

Because Hiltner's relative fault was less than fifty percent, the district court awarded her past economic, future economic, and non-economic damages. *See* N.D. Cent. Code § 32-03.2-02. In response to Owners' post-trial motions, the court recognized that "[b]oth parties agree that there was no request for future economic damages," and vacated its award of future economic damages. The court then awarded Hiltner the same amounts, broken down this time into past economic, future *non*-economic, and *past* non-economic damages. Owners appeals, challenging the district court's apportionment of fault and the award of damages. We review *de novo* the district court's interpretation and application of state law. *Nolles v. State Comm. for Reorganization of Sch. Dists.*, 524 F.3d 892, 901 (8th Cir. 2008).

Owners argues that the district court improperly applied a heightened duty to Denault because she was the sober designated driver. North Dakota does not impose a heightened duty by statute; a person driving a vehicle must operate "in a careful and prudent manner." N.D. Cent. Code § 39-09-01.1. The North Dakota courts have not imposed a heightened duty on designated drivers by common law. Other jurisdictions affirmatively have rejected such a duty, citing the potential that heightened exposure to liability would chill designated drivers from performing a valuable service.

In Tennessee, for example, a party assumed no affirmative duty merely because of his status as a designated driver to aid or protect an intoxicated passenger who rode unrestrained in the bed of a pickup truck, "exited" the truck, and died on the road. *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 823-24 (Tenn. 2008). The court observed that "[t]o hold a driver liable for the irresponsible actions of an intoxicated passenger would cut against this important social policy of encouraging the use of

designated drivers." *Id.* at 824 (alternation in original) (quoting *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1373 (Ind. 1992)). In Vermont, a sober driver of a pickup truck breached no duty of care to an intoxicated passenger who knelt on a toolbox in the bed of a pickup truck, reached his arm into the passenger side of the cab, and died when he fell under the truck. *Collins v. Thomas*, 938 A.2d 1208, 1213-15 (Vt. 2007). In Louisiana, a sober driver owed no duty to protect an intoxicated passenger who asked to exit the car on the side of a highway before he was struck and killed while walking into traffic. *Cardella v. Robinson*, 903 So. 2d 613, 618 (La. Ct. App. 2005).

In its order here, the district court acknowledged these authorities and stated:

> While intoxication is no excuse for wrongful conduct, when a sober person knows or reasonably should know of the intoxicated condition of a passenger rendering her incapable of exercising vigilance or foresight for her own safety, the sober person, even though she does not have a heightened duty to aid or protect intoxicated passengers, continues to have a duty to exercise reasonable care in driving the vehicle. In other words, by taking charge of obviously intoxicated passengers, Denault had a duty to use reasonable care to protect her passengers from foreseeable harm.

In a footnote following the "duty to exercise reasonable care in driving the vehicle," the court adverted without further explanation to the Restatement (Second) of Torts § 324 (1965). That section provides that:

> One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by . . . the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge.

The court then concluded that Denault's fault was greater than any other passenger for five reasons: (a) "she volunteered to be the designated driver," (b) "she understood her role was to get her intoxicated friends home safely," (c) "she was the only sober person in the group and had the greatest ability to assess danger," (d) "she was in exclusive control of the vehicle," and (e) "she failed to take adequate measures to stop Jeffries from interfering with her operation of the vehicle."

We think it evident from this reasoning that the court imposed a heightened duty on Denault because of her role as the sober designated driver for a group of intoxicated passengers. Most of the court's rationale for assigning Denault a greater proportion of fault for Hiltner's injuries was tied to her status as the designated driver, not to the manner in which she operated the vehicle.

As best we can tell, the district court relied on § 324 of the Restatement and the duty imposed on an actor who "takes charge of another who is helpless adequately to . . . protect himself." This actor must "exercise reasonable care to secure the safety of the other while within the actor's charge." The court quoted this section in a footnote; the placement of the footnote shows that the district court seemed erroneously to equate § 324 with Denault's duty to "exercise reasonable care in driving the vehicle."

The findings of fact are not sufficient to support apportioning greater fault to Denault based on a duty under § 324. The district court referred to Denault "taking charge of obviously intoxicated passengers," but did not specify what findings of fact would support that conclusion. The court found that Denault told Hiltner twice to get off the trunk of the vehicle, and that Hiltner twice refused and told Denault that she would be "fine." These findings suggest that Denault did not "take charge" of Hiltner. *See Downs*, 263 S.W.3d at 823 (concluding that there was evidence to support a finding that driver did not "take charge of" intoxicated passenger, because

-5-

"the record also indicates that Mr. Downs did not object to riding in the bed of the truck and that he climbed into it under his own strength").

The district court also did not find that Hiltner was "helpless." One court has found that an intoxicated passenger with a blood-alcohol content of 0.38 was "helpless" after consuming alcohol to the point of being "semiconscious," while an "impaired" person who drank six beers in five hours was not. *Marek v. Going*, 785 A.2d 248, 251 (Conn. App. Ct. 2001); *see Coville v. Liberty Mut. Ins. Co.*, 748 A.2d 875, 879 (Conn. App. Ct. 2000). The district court found that Hiltner's blood-alcohol content was 0.081 shortly after the accident, but did not opine one way or the other on whether she was "helpless" for purposes of § 324. *See* Restatement (Second) of Torts § 324 cmt. b (referring to one who is "ill, drunk, or made helpless by the act of a third person or a force of nature"); *cf. Downs*, 263 S.W.3d at 823 (concluding that whether intoxicated passenger was "helpless" was a genuine issue of material fact for trial).

None of this is to say that the district court erred in concluding that Denault was "at fault" in the accident. Owners does not challenge that determination. But we cannot escape the conclusion that the apportionment of fault among the participants was influenced materially by Denault's status as the sober designated driver. This allocation of increased responsibility to Denault was either infected by legal error or unsupported by findings of fact that are necessary to justify it. We therefore conclude that the judgment should be vacated and the case remanded for further proceedings.

Owners seeks a new trial, but the matter was tried to the court, and the district judge is in a position to enter new findings of fact and conclusions of law without an entirely new trial. *See Mawby v. United States*, 999 F.2d 1252, 1255 n.2 (8th Cir. 1993). Owners asks that we order the case reassigned to a different judge, but we see no basis to do so. The district court may handle the matter as it sees fit.

For the foregoing reasons, we vacate the judgment of the district court and remand for new findings and conclusions on the allocation of fault. Having vacated the judgment, including the award of damages, we need not address the insurance company's challenge to the district court's amendment of its original damages award.

_____