# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2240

_____

Amy Mensah, formerly known as Amy Hiltner

*Plaintiff - Appellant*

v.

Owners Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 17, 2019
Filed: March 5, 2020
[Published]

_____

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

On May 7, 2010, Amy Mensah (then Amy Hiltner) went to a party with friends in Mayville, North Dakota. One of the friends agreed to be the designated driver for the evening and she was driving the group home when an accident occurred. Mensah, who had been sitting on the trunk of the car, fell and hit the back of her head,

sustaining serious injuries. Although she has made a good recovery and can live independently, the damage is permanent.

In a related case,[1] the district court held a bench trial to apportion the fault between the friends involved in the accident. In the instant case, Mensah sued to recover the portion of the judgment allocated to one of the friends, Josh Jeffries. Owners Insurance Company issued a policy to Mensah's father and Mensah now seeks underinsured motorist benefits for Jeffries's portion of the judgment. Mensah brought this case in state court and Owners removed it to federal court. The district court granted Owners's motion for summary judgment and Mensah timely appealed.

We review de novo the district court's grant of summary judgment. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). However, before addressing the merits, we must determine whether the district court had subject-matter jurisdiction to decide this case. The parties did not raise a jurisdictional issue in the briefing but "subject-matter jurisdiction is not a mere procedural irregularity capable of being waived." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992). There is no federal question present. Whether diversity jurisdiction exists is an issue we review de novo, Branson Label, Inc. v. City of Branson, 793 F.3d 910, 915 (8th Cir. 2015), resolving all doubts in favor of remand to state court. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007). The party asserting jurisdiction must support their allegation of the amount in controversy by a preponderance of the evidence. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).

---

[1]Hiltner v. Owners Ins. Co, No. 3:12-cv-13, 2016 U.S. Dist. LEXIS 191649 (D. N. D. July 14, 2016), rev'd, 869 F.3d 699 (8th Cir. 2017). On remand, the district court issued an amended judgment, which has also been appealed. No. 18-2624 (8th Cir.). For simplicity, we refer to plaintiff here as Mensah and refer to this related case as Hiltner.

Removal of civil actions from state court to federal court is authorized by 28 U.S.C. § 1441(a). An action may be removed to federal court only if the action could have been originally filed in federal district court. Id. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The question is whether this is a "civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

When Owners removed this case to federal court, it cited both diversity jurisdiction and supplemental jurisdiction. Diversity jurisdiction has two requirements: complete diversity of the parties, and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In this case, the only relief Mensah seeks is the portion of the judgment attributable to Jeffries, which totals $61,718.67. This is the amount in controversy. Where it is a "legal certainty that the claim is really for less than the jurisdictional amount," jurisdiction is not proper. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). At oral argument, the parties conceded that the amount in controversy is statutorily insufficient. Accordingly, removal was not proper under diversity jurisdiction.

As to supplemental jurisdiction, our analysis begins with the statute, which reads, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). At oral argument, both parties agreed that jurisdiction appeared to be lacking. But Owners added that jurisdiction is "fairly broad, fairly liberal,"

while Mensah admitted she did not want to remand this case because she "would like to see [both this case and <u>Hiltner</u>] end at some point." Neither assertion is sufficient to establish supplemental jurisdiction. This case may be related factually to <u>Hiltner</u>, but it is a separately filed case, not a "claim" in <u>Hiltner</u>.

There is no diversity jurisdiction in this case. The amount in controversy is known to a legal certainty to be less than \$75,000, "exclusive of interests and costs." There is no supplemental jurisdiction because this case is a separate action, not "[an]other claim[]" in an underlying action over which federal courts have jurisdiction.

We vacate the judgment and remand this case to the district court, with instructions to remand to state court.

_____