# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2624
_____

Amy Hiltner

*Plaintiff - Appellee*

v.

Owners Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 17, 2019
Filed: March 5, 2020
[Published]

_____

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Amy Hiltner was seriously injured after she fell from the trunk of a car driven by her friend, Samantha Denault. After recovering $25,000 from Denault's insurer, Hiltner sued Owners Insurance Company, which had issued a plan to her father, for underinsured motorist benefits. The district court allocated fault among the parties

after a bench trial. On Owners's first appeal, we concluded the district court improperly applied a heightened duty of care to Denault as the designated driver. Hiltner v. Owners Ins. Co., 869 F.3d 699 (8th Cir. 2017) (Hiltner I). On remand, the district court stated that it was not applying a heightened standard and did not alter the fault allocation. Owners timely appeals.

## I.

The facts of this case are recited in Hiltner I and are repeated here only briefly. In May 2010, Amy Hiltner went to a party with friends in Mayville, North Dakota. One of the friends, Samantha Denault, agreed to be the designated driver for the evening and drove the friends home after the party. Josh Jeffries sat in the middle in the front seat and another friend sat in the front passenger seat. Although there was room in the car, Hiltner and Xaviera Lone Wolf sat on the trunk, with their backs against the rear window. Denault implored them to sit inside the car but they refused, saying they wanted to feel the wind in their hair. Denault drove slowly toward Lone Wolf's apartment, but when she went to take the last turn, Jeffries pushed on her right leg, causing the car to accelerate. Lone Wolf and Hiltner fell off the trunk; Hiltner hit her head and was seriously injured.

After a bench trial, the district court found Denault 55% responsible for Hiltner's injuries, Jeffries 25% responsible, and Hiltner 20% responsible. Owners appealed that judgment, and we concluded that the district court had improperly applied a heightened duty of care to Denault because she was the sober designated driver. Hiltner I, 869 F.3d at 702. We therefore vacated the judgment, including the damages award, and remanded for new findings and conclusions on the allocation of fault. Id. at 703.

On remand, the district court stated the "court's decision regarding fault is not influenced by Denault's status as the sober designated driver," and modified its conclusions to say:

> Denault's fault was greater than any of the passengers due to the following:
>
> > (a) she chose to start her vehicle with passengers perched on her trunk;
> > (b) she chose to drive her vehicle with passengers on her trunk;
> > (c) she had the greatest ability to assess danger;
> > (d) until Jeffries' interference, she was in exclusive control of the vehicle; and
> > (e) she failed to take adequate measures to stop Jeffries from interfering with her operation of the vehicle, which could have included stopping the vehicle, removing the keys from the ignition, ejecting Jeffries, and/or refusing to move the vehicle so long as there were passengers on the trunk.

After making these changes, the district court arrived at the same fault allocation. Owners again appeals, arguing, as it did in Hiltner I, that the district court put an impermissibly high burden on Denault.

## II.

We review de novo a district court's conclusions of law. Blue Cross Blue Shield of Minn. v. Wells Fargo Bank, N.A., 816 F.3d 1044, 1048 (8th Cir. 2016). We affirm the court's findings of fact unless they are clearly erroneous. Id.

Under North Dakota law, a person driving a vehicle must operate "in a careful and prudent manner." N.D. Cent. Code § 39-09-01.1. But North Dakota does not

impose a heightened duty of care on a sober designated driver, either by statute or common law. As we noted in Hiltner I, "[o]ther jurisdictions affirmatively have rejected such a duty, citing the potential that heightened exposure to liability would chill designated drivers from performing a valuable service." 869 F.3d at 701.

The district court's original order relied on the fact that Denault "was the only sober person in the group and had the greatest ability to assess danger." The order on remand omitted the reference to Denault's status as "the only sober person," but did not provide any *other* reason why she "had the greatest ability to assess danger." The unstated assumption—and burden—is that Denault had this greater ability because she was sober. The district court's conclusions of law also put on Denault the burden of rebuffing Jeffries, whose role in this accident is as under-discussed as it was critical. Although we acknowledge the district court's statement that its decision regarding fault was not influenced by Denault's status as the designated driver, we are hard-pressed to reconcile that statement with a rationale that is expressly influenced by Denault's "greatest ability to assess danger" and a decision on remand that made no change to an allocation of fault that originally "was tied to [Denault's] status as the designated driver." 869 F.3d at 702. After careful review, we are thus not satisfied that the order on remand eliminated the legal error that this court identified in the original conclusions of law.

For this reason, the judgment is vacated and this matter is remanded for new findings and conclusions on the allocation of fault. Because the district judge is no longer in service on the district court, the chief judge of the district court should reassign this case for further proceedings.

WOLLMAN, Circuit Judge, dissenting.

Although the district court could well have spelled out in more detail the explanation of its reasoning on remand, I am willing to take it at its word and therefore would affirm the judgment it entered.

_____