# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1230

_____

Monsanto Company; Pharmacia, LLC; Solutia, Inc.

*Plaintiffs - Appellees*

v.

Magnetek, Inc.

*Defendant*

General Electric Company; Paramount Global

*Defendants - Appellants*

Kyocera AVX Components Corporation

*Defendant*

Cornell Dubilier Electronics, Inc.

*Defendant - Appellant*

The Gillette Company, LLC

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 26, 2024
Filed: January 22, 2025

Before SMITH, ERICKSON, and STRAS, Circuit Judges.

ERICKSON, Circuit Judge.

Monsanto Company, Pharmacia, LLC, and Solutia, Inc. (collectively, "Monsanto") commenced an action in St. Louis County Circuit Court in Missouri against Magnetek, Inc., General Electric Co. ("GE"), Paramount Global, KYOCERA AVX Components Corporation, Cornell Dubilier Electronics, Inc., and The Gillette Company LLC (collectively, "Defendants") relating to Polychlorinated Biphenyls ("PCBs") that Monsanto manufactured and sold to Defendants or their predecessors-in-interest. In the action, Monsanto alleges that it continues to incur substantial costs to defend against PCB lawsuits that should be borne by Defendants and seeks to enforce written agreements obligating Defendants to defend, indemnify, and hold Monsanto harmless in all currently pending and future PCB lawsuits. Defendant GE removed the action to federal court, asserting jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The district court granted Monsanto's motion to remand, finding removal was untimely. Having jurisdiction under 28 U.S.C. § 1447(d), see BP P.L.C. v. Mayor & City Council of Baltimore, 593 U.S. 230 (2021), we vacate the remand order and remand for further proceedings.

When Monsanto added GE (and others) as defendants in the state court action, it sent a courtesy copy of the amended petition to GE. Following a discussion and several email exchanges, GE's counsel signed a document on January 5, 2023, entitled "Acknowledgement and Waiver of Service of Process." This document listed the effective date of service that the parties had agreed to as well as GE's deadline for filing a responsive pleading. More specifically, the document provides, in relevant part: "I hereby (1) waive the necessity of personal service of process under Missouri Supreme Court Rule 54.13(c) on behalf of General Electric for this

matter, and (2) acknowledge the date of service of the First Amended Petition on General Electric as <u>January 31, 2023</u>." In the next paragraph, counsel agreed that "under Missouri Supreme Court Rule 55.25 General Electric's responsive pleading to the First Amended Petition would be due within 30 days of January 31, 2023." The parties, however, agreed, subject to Court approval, to extend GE's deadline for filing a responsive pleading to on or before March 31, 2023. On January 6, 2023, Monsanto filed the acknowledgement and waiver of service in the state court action.

On February 20, 2023, GE filed its notice of removal in the Eastern District of Missouri. On March 21, 2023, Monsanto moved to remand the action, asserting GE's deadline for removing the case to federal court was February 6, 2023 (30 days after the waiver of service was filed in state court). The district court agreed with Monsanto and found GE's removal was untimely. GE appeals.

The United States Supreme Court has recognized that service of process is "fundamental to any procedural imposition on a named defendant." <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). Section 1446(b), of Title 28 of the United States Code, provides that a petition to remove a civil action must be filed within 30 days "after the receipt by the defendant, through service or otherwise," of a copy of the pleading setting forth a claim for relief. The procedural requirements set forth in § 1446 are waivable. <u>See</u> <u>Fin. Timing Publ'ns, Inc. v. Compugraphic Corp.</u>, 893 F.2d 936, 939 (8th Cir. 1990) (rejecting plaintiff's claim that the district court lacked subject matter jurisdiction due to defendant's failure to remove the action within 30 days of receipt of the summons and complaint based, in part, on evidence that plaintiff waived its claim by agreeing it would not contest or object to removal on timeliness grounds); <u>Koehnen v. Herald Fire Ins. Co.</u>, 89 F.3d 525, 528 (8th Cir. 1996) (noting a procedural defect in removal may be waived and does not affect the federal court's subject matter jurisdiction).

Here, the parties waived Missouri Supreme Court Rule 54.13(c)'s personal service provision and expressly agreed that January 31, 2023, was the effective date for service of process. As noted by the district court, the parties did not stipulate to

a removal deadline beyond what ordinary procedure would allow. General Electric could have waited until January 31 to send its waiver. Had it done so, the removal clock would have started on that date without any agreement or other action from Monsanto. None of the cases cited by the dissent prohibit parties from selecting a date upon which service will be deemed effective nor do they address the implications of a contractual provision setting an effective date for service that is different from the date the parties sign an agreement waiving service. Under these circumstances, the 30-day removal period began to run not when GE signed the acknowledgment and waiver of service of process or when Monsanto filed the document, but the date the parties agreed that service was effective. See Murphy Bros., 526 U.S. at 354-56 (stating the date of service is the "starter for § 1446(b)'s clock"). Because GE filed its notice of removal within 30 days of the effective date for service of process, the district court erred in finding GE's notice of removal was untimely.

For the foregoing reasons, we vacate the district court's order of remand. We decline Monsanto's request to decide an issue not addressed by the district court—whether GE satisfies the government contractor requirement of 28 U.S.C. § 1442(a)(1)—and hereby remand this case to the district court for further proceedings consistent with this opinion.

SMITH, Circuit Judge, dissenting.

On January 5, 2023, GE executed a document that "hereby . . . waive[d] the necessity of personal service under Missouri Supreme Court Rule 54.13(c)." R. Doc. 1-14, at 6. This document also identified a future effective service date by acknowledging the date of service of the complaint as January 31, 2023. *Id.* Further, the document "waive[d] any and all objections to the form, time, and sufficiency of service." *Id.* Monsanto filed the waiver in state court on January 6, 2023. GE removed this action to federal court on February 20, 2023—46 days after they waived service but only 20 days after the future effective service date within the waiver.

A party has 30 days from the date they receive the complaint "through service or otherwise" to remove a state court action to federal court. 28 U.S.C. § 1446(b)(1). "[A] defendant must file a notice of removal within 30 days of one of the statute's triggering events." *Dalton v. Walgreen Co.*, 721 F.3d 492, 493 (8th Cir. 2013) (per curiam). Removal statutes are strictly construed, and all questions regarding removal should be resolved in favor of state court jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *see also Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). The party seeking removal bears the burden to show removal was proper. *In re Bus. Men's Assur. Co.*, 992 F.2d at 183; *see also Nessel v. Enbridge Energy, LP*, 104 F.4th 958, 964 (6th Cir. 2024) (noting this burden in the context of timeliness of removal under § 1446).

Waivers of service trigger the 30-day removal clock, and GE concedes that point. *See* Reply Br. 14–15. In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court held that the removal period starts with service of both the summons and complaint, not merely by receipt of a courtesy copy of the complaint unaccompanied by service. *Id.* at 347–48. *Murphy Brothers* did not involve a waiver of service. In fact, the Court distinguished waivers from normal service rules. *See id.* at 351 ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."); *id.* at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Since *Murphy Brothers*, several courts have held that waivers of service trigger the 30-day removal clock. *See, e.g.*, *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (unpublished) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service."); *Brown v. Bristol-Myers Squibb Co.*, No. CIV A 402CV301LN, 2002 WL 34213425, at *2 (S.D. Miss. Nov. 2, 2002) ("Following *Murphy Brothers*, numerous courts have recognized that the relevant date for gauging timeliness of

removal is the date on which proper service was effected or, if there has been no proper service, the date on which objections to the sufficiency of process or service of process are waived."); *Vertex Energy Operating, LLC v. Penthol LLC*, No. 4:20-cv-390, 2021 WL 4538484, at *1 (S.D. Tex. Jan. 29, 2021).

The language of the statute agrees. Section 1446(b)(1) of 28 U.S.C. gives 30 days to remove beginning with the receipt of the complaint "through service or otherwise." A waiver of service is the "otherwise" that triggers the 30-day removal clock. *Murphy Brothers* sets waivers apart from normal service rules regarding removal. GE waived service and objections to service on January 5, which triggered the 30-day removal clock. GE had to file the notice of removal within 30 days of that triggering event. *See Dalton*, 721 F.3d at 493. GE's attempted removal 46 days after waiving service was untimely.

GE contends that the issue is not whether waivers trigger the removal clock but rather when service was effective under the terms of the waiver. *See* Reply Br. 15. GE's waiver (1) waived service but (2) also set January 31, 2023, as the future effective date of service. Thus, GE argues that their removal was timely because it was within 30 days from the future effective date of service within the waiver.

GE's argument should fail because parties cannot stipulate a future effective date of service that would extend the mandatory 30-day removal period. *See Nicola Prods. Corp. v. Showart Kitchens, Inc.*, 682 F. Supp. 171, 173 (E.D.N.Y. 1988) ("[A]bsent waiver or estoppel, the thirty day period cannot be extended by court order, stipulation of the parties, or otherwise."); *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000); *Grusofski v. Speedway LLC*, No. CV 24-474, 2024 WL 3226859, at *6 (W.D. Pa. June 27, 2024). The 30-day removal period is mandatory. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam); *see also Dalton*, 721 F.3d at 493. Though a plaintiff may waive a timeliness objection where they engage in affirmative conduct assuring the defendant that they will not object to removal on timeliness grounds or accepting

federal court jurisdiction,[1] the parties themselves cannot stipulate to extend the mandatory 30-day removal period. *See Nicola Prods. Corp.*, 682 F. Supp. at 173.

The removal period was triggered on January 5 when GE's counsel executed a document that "waive[d] the necessity of personal service" and "further waive[d] any and all objections to . . . service." R. Doc. 1-14, at 6. GE cannot rely on the future effective service date because it was an impermissible stipulation that would extend the mandatory 30-day removal period. Because removal statutes like § 1446 are strictly construed with questions resolved in favor of state court jurisdiction, any doubt about the effectiveness of the asserted future service date should be resolved in favor of remand to state court. This is especially true where the party with the burden has provided no authority holding that parties can stipulate to future effective service dates that purport to expand the removal period.

The removal period commenced on January 5 when GE "waive[d] . . . service" and waived all objections to service. *See* R. Doc. 1-14, at 6. Therefore, GE's removal

---

[1]*See, e.g.*, *Fin. Timing Publ'ns, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 939–41 (8th Cir. 1990); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528–29 (8th Cir. 1996). In *Financial Timing Publications, Inc.*, the plaintiff promised to not object to removal on timeliness grounds and participated in litigation at the district court before objecting to removal on timeliness grounds. 893 F.2d at 940. The court held that the plaintiff waived its objections to the timeliness of removal through these actions. *Id.* at 941. In *Koehnen*, the court found that the plaintiff consented to federal jurisdiction by affirmatively seeking leave to file a new complaint in federal court before they filed a motion to remand, vigorously arguing in favor of that motion to file a new complaint, and only pressing for remand after they lost the other motion. 89 F.3d at 528. The court said that the plaintiff waived the right to seek remand because of his prior affirmative conduct in federal court. *Id.* at 529.

Here, Monsanto and GE never discussed removal prior to this dispute, and Monsanto's first action in federal court was to challenge removal on timeliness grounds. Thus, Monsanto did not engage in any affirmative conduct that could be construed as a waiver of their timeliness objection.

-7-

on February 20 was untimely because it occurred more than 30 days after it waived service on January 5.

———————————————